## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

DESERT FOX CUSTOM RESTORATIONS, INC.
a New Mexico Corporation,

      Plaintiff,

v.                                               1:19-CV-1150

CWS MARKETING GROUP, INC,
a Virginia Corporation;

and

THE ACCURATE GROUP OF TEXAS, LLC,
a Texas LLC;

and

WESTCOR LAND & TITLE INC.,
A Florida Licensed Insurance Co.,

      Defendants.

**COMPLAINT FOR BREACH OF CONTRACT; ALTERNATIVELY BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; UNFAIR OR DECEPTIVE TRADE PRACTICE; INTENTIONAL INTERFERENCE WITH CONTRACT AND OTHER ECONOMIC OPPORTUNITY; NEGLIGENCE; BREACH OF FIDUCIARY DUTY; INSURANCE BAD FAITH**

J. Robert Beauvais, Counsel for Plaintiff, P.O. Box 2408, Ruidoso, NM 88345, 575-257-6321
lincolnlawyer575@gmail.com

      COMES NOW Plaintiff, Desert Fox Custom Restorations, Inc. by and through

undersigned counsel and hereby brings its complaint seeking monetary damages against

Defendants CWS Marketing Group Inc., the Accurate Group of Texas LLC; Westcor Land & Title Inc., and states as follows:

### I.    PARTIES

1.  Desert Fox Custom Restorations Inc., hereinafter Desert Fox, is and was at all times material, a New Mexico corporation with its principal place of business in this District.

2.  Defendants CWS Marketing Group, also known as CWS Asset Management Sales, hereinafter CWSMG, was at all material times and upon information and belief, a Virginia for profit corporation with its principal place of business in the State of Virginia.

3.  Defendant The Accurate Group of Texas LLC, hereinafter Accurate Group, is a Texas Limited Liability Company and was at all material times and upon information and belief was a for profit limited corporation with its principal place of business in the State of Texas.

4.  Defendant Westcor Land Tile Insurance Co., hereinafter Westcor Land, was and is, upon information and belief, a for profit corporation with its principal place of business in the State of  Florida.

5.  None of the Defendants are citizens of this District; accordingly, diversity of citizenship existed at all times material to Plaintiff's claims.

6.  Defendants engaged in unfair and deceptive practices and other bad acts in this District as fully described below.

### II.    JURISDICTION AND VENUE

7.  This court has jurisdiction over this civil action pursuant to 28 USC §1332

because the amount in controversy exceeds seventy five thousand ($75,000.00) dollars exclusive of costs and interest and is between citizens of different states.

8.  This court has personal jurisdiction over Defendants because Defendants do business in or have sufficient business contacts with the State of New Mexico and some or all of the acts complained of were moving in commerce at the material times.

9.  Venue is proper in this court pursuant to 28 USC §1391 because all or part of the acts or omissions giving rise to this civil action occurred in this District and Plaintiff is an insured domiciliary of this District.

### III.   FACTUAL BACKGROUND

10. At the material time, Desert Fox was operating in New Mexico and engaged in business including the purchase and rehabilitation of distressed or seized real property for sale at a profit.

11. At the same time CWSMG was acting as an agent for the United States of America authorized to market and sell real property or personal property asserts seized or forfeited to the government.  The real property subject to this action was seized in an unrelated proceeding.

12. The real property is located at 1640 Rock Dove Lane, El Paso Texas 79911 and was the subject of U.S. Asset Seizure and Seizure No. IR 2017-7400-5-00012-01-001 and auctioned by its agent CWSMG.

13. On or about June 13, 2018 Desert Fox participated in the asset seizure auction for the described property and was determined to be the High Bidder under the terms and conditions of sale.  Per the terms of the auction and in part performance, Desert Fox

tendered its cash deposit of ten thousand ($10,000.00) dollars to Defendant/Seller Agent, CWSMG, and as part of the purchase price of two hundred thousand ($200,000.00) dollars.  Attached hereto are ***Exhibit "A" House/Property Auction/Sale Notice; Exhibit "B" Plaintiff's initial cash payment of $10,000.00 receipt; Exhibit "C" Plaintiff's Signed Auction/Sale Contract.***

14. Defendant Westcor Land issued a policy of title insurance on the subject property to Desert Fox at the direction of Defendants.

15. Defendant Accurate Group as an agent for Westcor sold the insurance policy to Desert Fox for the real estate transaction giving rise to Plaintiff's claims.

16. In further part performance of the terms of the sales contract and on or about June 16, 2018 Desert Fox wire transferred a second cash deposit in the amount of ten thousand ($10,000.00) dollars to Defendant/Seller Agent CWSMG.  Attached hereto ***Exhibit "D" Plaintiff's Second [2nd] cash payment receipt.***

17. In further part performance, and on or about July 31, 2018, Desert Fox tendered its third [3rd] cash payment in the amount of twenty three thousand eight hundred thirty eight dollars and sixty cents ($23,838.60) to Defendant/Seller Agent, CWSMG.  ***Exhibit "E" Plaintiff's third [3rd] cash payment receipt.***

18. In further part performance, and on or about July 31, 2018, Desert Fox tendered to Defendant/Seller Agent, CWSMG, an additional further [4th] cash payment in the amount of one hundred sixty thousand ($160,000.00) dollars representing the total contracted sales price of two hundred two thousand two hundred thirty eight dollars and sixty cents ($202,238.60).  ***Exhibit "F" Plaintiff's [4th] cash payment receipt.***

19. Desert Fox executed and returned the closing documents prepared by Defendant CWSMG and opened escrow through Defendant Accurate Group.

20. In consideration of Desert Fox's full and complete performance, Seller's agent CWSMG was to provide a Special Warranty Deed to the subject property as of the date of closing with a lien release of all claims and encumbrances seen or unseen, known or unknown, past, present and future and a title insurance policy.  Attached hereto are ***Exhibit "G"*** *– HUD-1 final Settlement Closing Statement;* ***Exhibit "H"*** *– HUD-1 Line Items #1101 and #1103evidencing Plaintiff's payment for the title insurance policy along with full payment for purchase.*

21. Prior to, or by the date of closing, Westcor and Accurate Group were obligated to provide the title commitment and title insurance policy insuring the title to the subject property against all claims and defects in title.  Westcor and Accurate Group had a fiduciary duty owed to Desert Fox as the owner and beneficiary of an insurance policy issued by these Defendants.

22. Desert Fox was not provided a copy of the title binder and policy despite assurances from Defendants the title insurance policy was issued and placed no reservation on the title material to this transaction.

23. In reliance of the purchase agreement and after full performance, Desert Fox took possession of the real property on or about July 31, 2018 and undertook repairs and rehabilitation of the subject property to bring it into marketable condition for resale at a profit.  The work done and the costs to Desert Fox include:

A) Interior and Exterior Repair/Replace/Stucco and Paint; eight thousand two hundred forty five ($8,245.00) dollars.

B) Reseal Driveway and two masonry patios; repair and resurface; two thousand eight hundred sixty five ($2,865.00) dollars;

C) General cleanup/repair and landscaping; three thousand one hundred thirty five ($3,135.00);

D) Replace kitchen and laundry room appliances; nine thousand five hundred fifteen ($9,515.00) dollars;

E) Repair/paint rear office/den area; eight hundred ninety one ($891.00) dollars;

F) Utility bills and miscellaneous costs and expenses; three thousand one hundred eleven ($3,111.00) dollars.

24. In addition to the foregoing, Desert Fox incurred costs directly related to the purchase of the subject property for resale including:

a) Interest payments on mortgage; twelve thousand ($12,000.00) dollars;

b) Additional holding costs, fees, payments and interest in the amount of ten thousand five hundred ($10,500.00) dollars.

25. After completing repairs and rehabilitation, Desert Fox listed the subject property with a local realtor and advertised on the MLS service at a sales price of two hundred fifty five thousand ($255,000.00) dollars. ***Exhibit "I" attached hereto and incorporated herein, Home/Property listing agreement.***

26. After the subject property went under contract of sale the sales agreement and

related documents were presented to Stewart Title to open escrow and prepare closing documents.

27. On or about September, 2019 Desert Fox was notified the subject property was not eligible for closing because title was never transferred to Desert Fox and there were property taxes due and unpaid which constituted a lien on title.  At that time, Desert Fox still did not have or did not know if the title policy it had purchased had been issued and that insurance was in place.

28. As a direct and proximate result of the improper acts of Defendants, the contract for sale was forced to be cancelled and escrow money returned resulting in additional injuries and damages complained of in this action including costs, refunds, and expenses surrounding termination of the September, 2019 sales contract including:

    A.  Title Refund:  $500.00;

    B.  Hot Water Heater:  $418.00;

    C.  AC/Feat Pump:  $385.00;

    D.  Monthly rental loss September, 2019 through January, 2020 Refund - $4,900.00;

    E.  Appraisal refund $425.00;

    F.  Inspection refund $325.00;

    G.  Cleanup Services move in/out $1,880.00.  Attached hereto is ***Exhibit J***

***Cancelation of Real Estate Contract and Refund.***  Desert Fox has now incurred consequential damages as a result of its inability to convey marketable and insured title to its third party purchaser.

29. As of the date of filing this Complaint, the title remains in the original owner at

the time of seizure and unpaid real property taxes exceed nineteen thousand four hundred ($19,400.00) dollars with interest and penalties accruing.  Attached hereto is ***Exhibit "K"*** ***Assessor Tax Collection Statement, Stewart Title List of Liens.***

30. Desert Fox made formal demand on Defendants for reimbursement of the monies tendered in performance of the contract.  Attached hereto is ***Exhibit "L" – Plaintiff's*** ***Demand.***

31. Defendants have acknowledged the necessary title and insurance documents were never prepared or presented to Desert Fox and have failed to meet the terms of Desert Fox's demand which expired on October 10, 2019.

32. Defendants and Defendant's agents and employees have acted intentionally or with reckless disregard for the legal and equitable rights of Desert Fox.

## COUNT I. BREACH OF CONTRACT; ALTERNATIVELY, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING (ALL DEFENDANTS)

33. Desert Fox realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

34. At all material times, Desert Fox was engaged in the acquisition and renovation of distressed real property for resale at a profit.

35. At all material times, Defendants CWSMG and Accurate Group were acting as fully disclosed agents or subagents and contractors for the United States of America and Defendant Westcor was acting as a insurer of real estate moving in commerce in the commercial real estate sales market.

36. Defendants breached the contracts with Desert Fox by failing to perform the

material terms of the contracts to obtain and prepare the necessary documents and failing to inform Desert Fox the contracts, released lien claims and title insurance were not available at the time Plaintiff fully performed its duties under the contract.

37. As a direct and proximate result of the Defendants' breach of contract, Desert Fox has suffered actual direct, indirect and consequential and special damages including, but not limited to, the expenses incurred by Plaintiff in the acquisition, repairs and listing the subject property, loss of use and related damages in an amount in excess of two hundred fifty thousand ($250,000.00) dollars.

38. In the alternative, Defendants have breached the covenant of good faith and fair dealing recognized under New Mexico law by failing to proceed in a fair, reasonable and professional manner in an important real estate transaction resulting in the loss f the benefit of the contract to Plaintiff.

39. Desert Fox is entitled to its taxable costs of suit.

### COUNT II.  UNFAIR OR DECEPTIVE TRADE PRACTICES
### (ALL DEFENDANTS)

40. Desert Fox realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

41. At all material times, there was in effect the New Mexico Unfair or Deceptive Trade Practices Act (UFTPA) §§57-12-1 et seq. NMSA and the Texas Deceptive Trade Practice Consumer Protection Act U.T.C.A., Bus & Comm §17.59(a).

42. Defendants were and are subject to the jurisdiction of the applicable Unfair Practices Act.

43. Desert Fox is a consumer of goods and services and was engaged in the purchase of property and services subject to the Act.

44. As commercial vendors and brokers of real estate and insurance products moving in commerce Defendants had a duty to accurately disclose and inform Desert Fox of complication of the material terms which would result in the property being merchantable or uninsurable.

45. The acts complained of by Desert Fox against Defendants occurred during the transaction in the purchase of their goods and services by making false or unconscionable representations regarding the rights and responsibilities created by the contract to induce Desert Fox to complete a transaction which has resulted in a gross disparity between the value paid and the value received for sale by Plaintiff.

46. Desert Fox has suffered special, compensatory, consequential damages as a result of Defendants' unfair or deceptive trade practices and in an amount exceeding two hundred fifty thousand ($250,000.00) dollars.

47. The acts of Defendants were knowing and fraudulent subjecting Defendants to statutory treble damages.

48. Desert Fox should be awarded its statutory reasonable attorney fees and costs of suit.

### COUNT III. INTENTIONAL INTERFERENCE WITH CONTRACT AND OTHER ECONOMIC OPPORTUNITY – LOSS OF SALE
### (ALL DEFENDANTS)

49. Desert Fox realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

50. At all material times, the parties were in privity of contract and acting within the scope of Defendants' trade or commerce.

51. During the material times, Desert Fox acted reasonably to renovate, acquire and sell the property at a profit after recovering its costs and related fees. The purchase option contract required Defendants to sell the property at a fair market value which it refused to do after considering the reasonable setoffs required by non-disclosures or inaccurate disclosures.

52. Desert Fox was unable to realize its stated intent to acquire the property because the undisclosed defects and deficiencies rendered the property unmarketable, including a cloud on the title and lack of commercial utility.

53. At all material times, Defendants had a duty to act fairly and to conduct themselves in a commercially reasonable manner and breached that duty to Desert Fox resulting in damages as the direct and proximate result of Defendants' tortious conduct.

54. Desert Fox's efforts were thwarted by the acts of Defendants and such acts constituted a substantial part in Desert Fox losing the benefit of its contract.

55. Desert Fox has been damaged in an amount to be proven at trial including its specific compensatory and consequential damages as proven at trial.

56. The acts of Defendants were intentional and not justified or excused sufficient to warrant imposition of punitive damages.

57. Desert Fox is entitled to its reasonable attorney fees.

### COUNT IV.  NEGLIGENCE
### (CWSMG & ACCURATE GROUP)

58. Desert Fox realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

59. Defendants CWSMG and Accurate Group had a duty to Plaintiff to perform its service competently and act diligently in ensuring that the title included the deed and that all liens and encumbrances which would render the title unmarketable were resolved or duly noted.

60. CWSMG and Accurate Group had a further duty to communicate information on errors or omissions in title that were discovered or should have been discovered in researching the title and other documentation which it received purporting to authorize Defendants CWSMG and Accurate Group to convey title on behalf of the United States of America and which could affect the status of the property forming the basis of ownership.

61. CWSMG and Accurate Group had a duty to act with due diligence to communicate with Plaintiff there were errors and omissions which would prevent closing and transference of good title free and clear of all liens and other encumbrances.

62. CWSMG and Accurate Group breached their duties and otherwise failed to exercise due care to Plaintiff as described in the foregoing paragraphs.

63. CWSMG' and Accurate Group's breach was and is a cause of Plaintiff's losses and special, compensatory, consequential and stator damages should be awarded.

## COUNT V.  BREACH OF FIDUCIARY DUTY
### (ALL DEFENDANTS)

64. Desert Fox realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

65. Accurate Group and Westcor breached its fiduciary duty to Plaintiff.

66. Accurate Group and Westcor's breach is and was a cause and proximate cause of Plaintiff's damages.

67. Accurate Group represented to Plaintiff that its policy had the characteristic benefits and uses that it did not have which were sold to Plaintiff including any errors or omissions in its title and failed to determine the quality and quantity of service contracted for.

68. The conduct acts misfeasance and nonfeasance were willful or with reckless disregard of the interests and rights of Desert Fox.

69. Desert Fox was damaged and continued to be damaged by Accurate Group.

70. Desert Fox is entitled to recover actual, compensatory and consequential damages and treble statutory damages due to willful violations of the UPA as well as statutory attorney fees and costs as a result of Defendants' unfair and deceptive trade process.

## COUNT VI.  BREACH OF INSURANCE PRACTICES ACT
### (WESTCOR INC. & ACCURATE GROUP, LLC)

71. Desert Fox realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

72. Desert Fox is an insured under a policy of insurance issued to it by Defendant Accurate Group, LLC and Westcor Inc.

73. Defendants Accurate Group, LLC and Westcor Inc. failed to deliver the title policy or close the real estate transaction despite receiving payment of all funds necessary to close by Plaintiff.

74. The acts of Defendants, its agents and employees constitute an unfair insurance trade practice  prohibited by the New Mexico Unfair Insurance Practices Act §§59a-16-1 to 59a-16-30 NMSA, hereinafter UIPA.

75. At all material times, Defendants had a duty to act in good faith and to deal fairly with Plaintiff.

76. The knowingly actions of Defendants Accurate and Westcor, its agents and/or employees as set forth above constitute Unfair Insurance Trade Practices prohibited by the UIPA including, but not limited to:

    A.  Failure to provide the quality and/or quantity of policy of insurance in breach of the contract of insurance.

    B.  Failure to advise Plaintiff or provide a reasonable explanation why the lien search misrepresenting pertinent facts or policy provisions related to coverage at issue.

    C.  Compelling Plaintiff to institute litigation to recover amounts due under the policy.

77. As a direct and proximate result of the failure to close the transaction, Desert Fox has suffered damages including, but not limited to, special damages, other compensatory damages and consequential damages as proven.

78. Desert Fox is entitled to recover its attorney fees and costs in pursuing that action

pursuant to §39-2-1 NMSA 1978.

79. A JURY TRIAL IS DEMANDED ON ALL LEGAL CLAIMS.

***PRAYER FOR RELIEF***

Desert Fox respectfully prays for judgment in its favor and against Defendants, jointly and severally for special, compensatory and consequential damages as proven; statutory treble damages; statutory attorney fees; pre and post judgment interest form the time of performance; costs of suit and such other relief as the court deems just and reasonable.

Respectfully Submitted:

*/s/ J. Robert Beauvais*
J. ROBERT BEAUVAIS, P.A.
By:    J. Robert Beauvais
        P.O. Box 2408
        Ruidoso, NM 88345
        575-257-6321
        lincolnlawyer575@gmail.com